Case No. 23-50081

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Canadian Standards Association
*Plaintiff-Appellee*

v.

P.S. Knight Company, Limited; PS Knight Americas, Incorporated; Gordon Knight
*Defendants-Appellants*

On Appeal from the United States District Court for the Western District of Texas,
Austin Division
Civil Action No. 1:20-CV-1160

# BRIEF OF PLAINTIFF-APPELLEE CANADIAN STANDARDS ASSOCIATION

Nicole L. Williams
Elizabeth G. Myers
Jasmine S. Wynton
THOMPSON COBURN LLP
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
P: 972.629.7100
F: 972.629.7171
*nwilliams@thompsoncoburn.com*
*emyers@thompsoncoburn.com*
*jwynton@thompsoncoburn.com*

Michael A. Parks
Katherine E. Colvin
Alex D. Weidner
THOMPSON COBURN LLP
55 E. Monroe Street
Chicago, Illinois 60603
P: 312.346.7500
F: 312.580.2201
*mparks@thompsoncoburn.com*
*kcolvin@thompsoncoburn.com*
*aweidner@thompsoncoburn.com*

COUNSEL FOR PLAINTIFF-APPELLEE

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

### Plaintiff-Appellee

Canadian Standards Association

### Counsel for Plaintiff-Appellee

Nicole L. Williams
Elizabeth G. Myers
Jasmine S. Wynton
THOMPSON COBURN LLP
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
P: 972.629.7100
F: 972.629.7171
*nwilliams@thompsoncoburn.com*
*emyers@thompsoncoburn.com*
*jwynton@thompsoncoburn.com*

Michael A. Parks
Katherine E. Colvin
Alex D. Weidner
THOMPSON COBURN LLP
55 E. Monroe Street
Chicago, Illinois 60603
P: 312.346.7500
F: 312.580.2201
*mparks@thompsoncoburn.com*
*kcolvin@thompsoncoburn.com*
*aweidner@thompsoncoburn.com*

### Defendants-Appellants

Gordon Knight;

P.S. Knight Company, Limited; and

PS Knight Americas, Incorporated

**Counsel for Defendants-Appellants**

James R. Gourley of Carstens, Allen & Gourley, LLP Plano, TX

Vincent J. Allen of Carstens, Allen & Gourley, LLP Plano, TX

*/s/ Michael A. Parks*
Michael A. Parks

*Attorney of Record for Plaintiff-Appellee*
*Canadian Standards Association*

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellee Canadian Standards Association ("CSA") respectfully submits that oral argument is not likely to assist this Honorable Court. Defendants-Appellants P.S. Knight Company, Limited, PS Knight Americas, Incorporated, and Gordon Knight (collectively, "Knight")[1] willfully infringed CSA's Canadian Copyrights in the United States after an infringement judgment against them in Canada. The District Court issued a detailed, well-reasoned opinion and did not err in granting summary judgment to CSA and enjoining Knight's conduct. As such, oral argument is not necessary in this appeal.

If, however, this Court determines that oral argument will benefit its consideration of this appeal, counsel for CSA respectfully requests to participate in any oral argument that may be scheduled.

---

[1] Knight is a book publisher. Mr. Knight is the sole officer and director of P.S. Knight Co., Ltd. and PS Knight Americas, Inc.

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS**.....................................................**i**

**STATEMENT REGARDING ORAL ARGUMENT** ..........................................**iii**

**TABLE OF CONTENTS** ..................................................................................**iv**

**TABLE OF AUTHORITIES** .............................................................................**vi**

**JURISDICTIONAL STATEMENT**........................................................................1

**STATEMENT OF THE ISSUES PRESENTED FOR REVIEW** ......................1

**STATEMENT OF THE CASE**................................................................................2

      A.    Knight Has Engaged in Cross-Border Copyright Infringement of CSA's Canadian Copyrighted Works. ................................................2

      B.    CSA's 10+ Year Efforts to Stop Knight's Infringement.......................5

      C.    The U.S. District Court Concludes CSA is the Owner of Valid and Enforceable Canadian Copyrights in Its Works, and Knight Infringed Those Canadian Copyrights in the United States.................8

      D.    Issues Not Presented in Knight's Appeal...........................................11

            1.    Knight Does Not Contest Their Admitted Infringement. .........11

            2.    Knight Does Not Appeal the District Court's Factual Findings Regarding Fair Use Factors 1-3. ...............................11

            3.    Knight Also Does Not Dispute Fraudulently Registering a U.S. Copyright in CSA's Work, the District Court's Rejections of Knight's Remaining Defenses and Counterclaim, or the Court's Allowance of Damages Briefing. ..................................................................................12

**SUMMARY OF THE ARGUMENT** ....................................................................13

**ARGUMENT** ........................................................................................................15

      A.    Standard of Review ..........................................................................15

B.    Knight Has Waived All Issues Not Challenged on Appeal and Forfeited Additional Issues by Failing to Address the District Court's Analysis. .................................................................18

C.    The District Court Correctly Granted Summary Judgment in CSA's Favor as to Knight's Infringement of CSA's Canadian Copyrights in the United States. ..........................................21

D.    The District Court Correctly Interpreted *Veeck*. .................22

E.    The District Court Correctly Held There is No Issue of Material Fact as to CSA's Ownership of Valid Foreign Copyrights for CSA's Copyrighted Works. ................................................25

F.    The District Court Did Not Abuse Its Discretion When It Accorded Comity to the Canadian Court Judgment and Thereby Ruled that Knight's Merger Defense Fails. ........................32

G.    The District Court Correctly Held Knight Failed to Meet Their Burden to Show Genuine Issues of Material Fact as to Fair Use. ......33

        1.    Knight's Wholesale Copying and Distribution of CSA's Copyrighted Works is Substitutional and for Profit, Not Transformative. .........................................................35

        2.    CSA's Works Merit Full Copyright Protection under Canadian Law. .........................................................37

        3.    Knight Engaged in Wholesale Copying and Distribution of CSA's Copyrighted Works. ....................................38

        4.    Knight's Use is Meant to Replace CSA's Works, Thereby Directly Undermining the Market for CSA's Works. .....................................................................39

H.    The District Court Did Not Abuse Its Discretion In Issuing a Permanent Injunction to Stop Knight's Ongoing Infringement. .........40

CONCLUSION ............................................................................42

CERTIFICATE OF COMPLIANCE ...............................................44

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alameda Films SA de CV v. Authors Rts. Restoration Corp. Inc.*, 331
   F.3d 472 (5th Cir. 2003) ...................................................15, 22, 25, 26

*Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887
   (5th Cir. 2013) .....................................................................................15

*Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.*, 896
   F.3d 437 (D.C. Cir. 2018) .......................................11, 14, 34, 36, 37

*Am. States Ins. Co. v. Bailey*, 133 F.3d 363 (5th Cir. 1998) ...................20

*Authors Guild v. Google, Inc.*, 804 F.3d 202 (2d Cir. 2015) ...................35

*BNSF Ry. Co. v. Int'l Ass'n of Sheet Metal, Air, Rail &
   Transportation Workers - Transportation Div.*, 973 F.3d 326 (5th
   Cir. 2020) .............................................................................................17

*Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744 (5th
   Cir. 1987) .............................................................................................20

*Broad. Music, Inc. v. Bentley*, No. SA-16-CV-394-XR, 2017 WL
   782932 (W.D. Tex. Feb. 28, 2017) ......................................................41

*Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569 (1994).........................33, 36, 39

*CCC Info. Services v. Maclean Hunter Market Reports, Inc.*, 44 F.3d
   61 (2nd Cir. 1994) ...............................................................................28

*Coghlan v. Starkey*, 852 F.2d 806 (5th Cir. 1988).............................19, 20

*Conboy v. United States Small Bus. Admin.*, 992 F.3d 153 (3d Cir.
   2021) ...............................................................................................19, 20

*Credentialing Support Servs., L.L.C. v. Hammond Surgical Hosp.,
   L.L.C.*, 946 F.3d 780 (5th Cir. 2020) ............................................40, 41

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) .............21

*Fermata Int'l Melodies, Inc. v. Champions Golf Club Inc.*, 712 F.Supp. 1257 (S.D. Tex. 1989), *aff'd*, 915 F.2d 1567 (5th Cir. 1990) ....................................................................................41

*Frazier v. Garrison I.S.D.*, 980 F.2d 1514 (5th Cir. 1993)....................................24

*Google LLC v. Oracle Am.*, *Inc.*, 141 S. Ct. 1183 (2021) ......................................17

*Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539 (1985)....17, 36, 39

*Hassen v. Ruston La. Hosp. Co., L.L.C.*, 932 F.3d 353 (5th Cir. 2019)............15, 16

*Houston v. Tex. Dep't of Agric.*, 17 F.4th 576 (5th Cir. 2021)................................16

*Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390 (5th Cir. 1986) ................................................................................................17

*In re Vitro S.A.B. de CV*, 701 F.3d 1031 (5th Cir. 2012)........................................16

*Int'l Code Council, Inc. v. UpCodes, Inc.*, No. 17 Civ. 6261 (VM), 2020 WL 2750636 (S.D.N.Y. May 27, 2020) ....................................................31

*Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana, SA de CV*, 347 F.3d 589 (5th Cir. 2003) .................................................................16, 26

*Itar–Tass Russian News Agen. v. Russian Kurier, Inc.*, 153 F.3d 82 (2d Cir. 1998)......................................................................................15, 26

*Karim v. Finch Shipping Co.*, 265 F.3d 258 (5th Cir. 2001)....................................15

*LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383 (5th Cir. 2007) .................16

*Lewis v. Greenwood Motor Lines, Inc.*, No. 22-10758, *2023 WL 2810881* (5th Cir. Apr. 6, 2023) ..........................................................................29

*McClure v. Ashcroft*, 335 F.3d 404 (5th Cir. 2003).................................................18

*McIntosh v. Partridge*, 540 F.3d 315 (5th Cir. 2008)..............................................22

*Monge v. Maya Magazines, Inc.*, 688 F.3d 1164 (9th Cir. 2012)............................35

*Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377 (5th Cir. 1998) ...........................................................................................................17

vii

*Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526
(5th Cir. 2012)..................................................................................22

*Practice Management Info. Corp. v. American Medical Ass'n*, 121
F.3d 516 (9th Cir. 1997), *opinion amended by* 133 F.3d 1140 (9th
Cir. 1998) ..................................................................................28, 31

*Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455 (5th Cir. 1998) ....................16

*Rodney v. Elliott Sec. Sols., L.L.C.*, 853 F. App'x 922 (5th Cir. 2021)...................17

*Rollins v. Home Depot USA*, 8 F.4th 393, 397 n.1 (5th Cir. 2021) ........................22

*Ruiz v. U.S.*, 160 F.3d 273 (5th Cir. 1998)...........................18, 33, 36, 37

*S.E.C. v. Recile*, 10 F.3d 1093 (5th Cir. 1993) ........................................18

*Sindhi v. Raina*, 905 F.3d 327 (5th Cir. 2018)........................................30

*Stross v. Stone Textile, LLC*, No. 1:18-CV-454-RP, 2019 WL
4060888 (W.D. Tex. June 27, 2019) ....................................38, 39

*Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, 553
F. Supp. 2d 680 (N.D. Tex. 2008) ....................................................39

*TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754 (5th Cir.
2002) ..............................................................................................16

*Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253 (5th Cir. 2007) ..........................29

*United States v. Lanier*, 879 F.3d 141 (5th Cir. 2018), *cert. denied*,
139 S. Ct. 247 (2018), *reh'g denied*, 139 S. Ct. 624 (2018) .............................20

*United States v. Tavera-Jaimes*, 609 F. App'x 254 (5th Cir. 2015) (per
curiam) ....................................................................................19, 20

*Veeck v. S. Bldg. Code Cong. Int'l, Inc.*, 293 F.3d 791 (5th Cir. 2002)
(en banc)........................................... 22, 24, 25, 27, 28, 29, 30, 31

*Yohey v. Collins*, 985 F.2d 222 (5th Cir. 1993) ....................18, 33, 36, 37

**Statutes and Constitutional Provisions**

17 U.S.C. § 104A ..................................................................................15

17 U.S.C. § 107 ............................................................1, 33, 35, 37, 38, 39

28 U.S.C. § 1291 .................................................................................1

28 U.S.C. § 1292 .................................................................................1

28 U.S.C. § 1338 .................................................................................1

Berne Convention for the Protection of Literary and Artistic Works of 1886; the Berne Implementation Act of 1988, Pub. L. No. 100-568, 102 Stat. 2853 (Oct. 31, 1988) ...........................................................26

**Rules**

5th Cir. R. 28.2.2 ..............................................................................30

Fed. R. App. P. 28 ...................................................................22, 30, 33

Fed. R. Civ. P. 38 ..............................................................................20

**Other Authorities**

79 Fed. Reg. at 66,268 ......................................................................30

1 Nimmer on Copyright § 5.12 (2023) ................................................30

## JURISDICTIONAL STATEMENT

The District Court has jurisdiction over the underlying case based on 28 U.S.C. § 1338 because the underlying action is one for copyright infringement. This Court has jurisdiction under 28 U.S.C. § 1292, based on the District Court's grant of a permanent injunction against Knight. ROA.5600-04.

Knight incorrectly asserts this Court also has jurisdiction pursuant to 28 U.S.C. § 1291. No final judgment has been entered in this case (*see* ROA.5604 (Summary Judgment Order stating "the case will remain open for the Court to resolve the issue of damages")), and therefore this Court does not have jurisdiction under § 1291.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

The following issues are presented for review on appeal:

1. Did the District Court correctly hold, as a matter of foreign law and comity, that CSA owns valid and enforceable copyrights in its Canadian copyrighted works, in granting summary judgment in favor of CSA for Knight's infringement of CSA's copyrights and enjoining Knight for such infringement?

2. Did the District Court correctly grant summary judgment in CSA's favor on Knight's fair use defense where Knight failed to show a genuine issue of material fact as to any fair use of CSA's copyrighted works and therefore could not meet the fair use standards of 17 U.S.C. § 107?

## STATEMENT OF THE CASE

This appeal arises from a summary judgment decision issued in CSA's favor on January 4, 2023, finding that Knight infringed CSA's Canadian copyrights and enjoining Knight's conduct as follows:

> Defendants are hereby enjoined from any unauthorized use of CSA's Copyrighted Works or their subsequent or previous versions, including reproducing, distributing, publishing, performing, selling, offering for sale, publicly displaying, and/or preparing the Copyrighted Works or derivative works in any form, including hard copy, pdf or any other electronic or printed format, or otherwise using any portion of CSA's Copyrighted Works in an unauthorized manner. This injunction further prohibits Defendants from applying to register or registering in the United States Copyright Office any copyright for CSA's Copyrighted Works or their subsequent or previous versions.

ROA.5601-02. Knight filed a Notice of Appeal on February 2, 2023, challenging the District Court's grant of the permanent injunction. ROA.5605-06.

## A. Knight Has Engaged in Cross-Border Copyright Infringement of CSA's Canadian Copyrighted Works.

CSA is a private, non-profit standards development organization in Canada that has developed over 3,000 voluntary standards and codes. ROA.3606. Like other standards development organizations in Canada, CSA facilitates the development of codes and standards that may be referenced by regulators and incorporated by reference into law by legislators. *See* ROA.3329-3478; *see also* ROA.3922. It publishes voluntary standards, which it has no power to enforce. *Id.* It has no authority to draft legislation, to control whether its standards or codes are

incorporated into laws/regulations, or to enforce its standards or codes. *See e.g.,* ROA.3624 (summarizing Canadian Federal Court's finding that "CSA is independent of government and that the CSA Electrical Code is a voluntary standard that legislators incorporate by reference into law at their own discretion").

CSA has registered Canadian copyrights for many of its codes and standards, including the seven at issue in this case (collectively, "CSA's Copyrighted Works"): (1) the Canadian Electrical Code (versions published in 2015, 2018, and 2021); (2) the Propane Storage and Handling Code (versions published in 2015 and 2020); and (3) the Oil and Gas Pipeline Systems Code (versions published in 2015 and 2019). ROA.3329-3478 (excerpts of CSA's Copyrighted Works); ROA.3479-3602 (registrations for CSA's Copyrighted Works). The works are prepared by contributing authors, who have assigned their rights to CSA. ROA.3479-3602. Contrary to Knight's second "undisputed" fact (Fifth Cir. ECF No. 27 (hereinafter "Knight Br.") at 4), "Canadian governments and regulatory authorities" have not "had a hand in drafting the Codes." ROA.4601-02. Instead, an accurate statement would be that individuals employed by the Canadian government (in addition to other technical committee members) voluntarily assisted with the preparation of CSA's Copyrighted Works in their personal capacity—there is no governmental oversight or control over CSA's Copyrighted Works. *See id.* at [101] (Canadian Court of Appeal affirming findings that "the Federal Court did not err in finding . . .

an absence of [governmental] control or direction over the preparation and publication of the CSA Electrical Code" and that "no government claims ownership of the copyright standards developed by CSA").

CSA's Copyrighted Works are not "the law" in Canada. ROA.3609 at [11]; ROA.3771-75. Contrary to Knight's first and third "undisputed" facts (Knight Br. at 3-4), CSA's Copyrighted Works have merely been incorporated by reference into one or more regulations or statutes in Canada, but the Works themselves are not reproduced in such regulations or statutes. ROA.3609 at [11]; ROA.3771-75. And more importantly, CSA's Copyrighted Works have not been adopted as law by any United States federal, state, or city jurisdiction and have not been incorporated by reference in any United States federal, state, or city law, rule or regulation. ROA.3799:13-17; ROA.3800-04.

Knight's business consists primarily of copying CSA's Copyrighted Works without CSA's permission and selling them at prices intended to undercut CSA's sales. Knight markets, offers for sale and sells infringing publications as a series of "Knight's Code" books, including: the 2021 Knight's Electrical Code, the 2020 Knight's Propane Code, and the 2019 Knight's Oil & Gas Code, and previously included 2015 and 2018 versions of the Electrical Code, and 2015 version of the Propane Code and Oil & Gas Code. ROA.3902-08, 4154-4253. As described in detail below, the Canadian Federal Courts have ordered Knight to cease his

infringement but, instead of complying, he "fled" to the United States to evade the Canadian judgments against him and thereafter expanded his infringement here. ROA.4926, 4965-66.

## B.    CSA's 10+ Year Efforts to Stop Knight's Infringement

CSA first sued Knight and his father, Peter Slim Knight, in 2012 in the Canadian federal courts based on Knight's infringement of a different publication. ROA.3956. Thereafter, in 2015, CSA filed suit against Knight in Canada to stop Knight's infringement of CSA's copyrighted 2015 Canadian Electrical Code ("CE Code"). ROA.4873. In a March 29, 2016 decision, the Canadian trial court held: (1) CSA owns a valid copyright under Canadian law in the 2015 CE Code; (2) Knight presented no valid evidence to support the defense that Peter Slim Knight was a co-author of the 2015 CE Code; (3) Knight did not have a license to reproduce or distribute the 2015 CE Code; and (4) Knight infringed CSA's copyright in the 2015 CE Code. ROA.3909-41. The Canadian trial court also enjoined Knight from further infringement. ROA.4887. The Canadian Federal Court of Appeal affirmed the trial court's judgment on December 7, 2018, and the Supreme Court of Canada denied Knight leave to appeal. ROA.3603-3769, 3985 at [8].

Following the Canadian Supreme Court's denial of leave to appeal, Gordon Knight formed PS Knight Americas Inc. and transferred assets to that entity in order to "re-release[] [Knight's Code] from the US, and outside the direct jurisdiction of

the [Canadian] Federal Court." ROA.4956, 59-63. In late 2020, Knight applied for and registered a U.S. Copyright in CSA's copyrighted work in the 2018 "Canadian Electrical Code, Part One." ROA.4010-12. According to Knight, he sought registration of CSA's Work because:

> It turns out that the Canadian Standards Association (CSA) somehow forgot to register copyright over this document even while it was under litigation in Canada. Seriously. . . . So we did . . . . Can you just imagine the fuming at CSA headquarters as they read that last sentence . . . ? [I]t's only $60. Tell your friends!

ROA.3998. Knight's U.S. Copyright Registration wrongfully identifies Peter Slim Knight as the author of the 2018 CE Code (despite the fact that Peter Slim Knight died two years prior to its creation and publication by CSA), and the copyright claimants as Peter Slim Knight and P.S. Knight Co. Ltd. c/o PS Knight Americas Inc. ROA.4010-12; *see also* ROA.5597-99.

Knight subsequently began releasing additional infringing works in the U.S.: (1) the 2021 version of the Canadian Electrical Code; (2) CSA's Propane Storage and Handling Code (2015 and 2020 versions); and (3) CSA's Oil and Gas Pipeline Systems Code (2015 and 2019 versions) (collectively, the "Infringing Publications"). ROA.3905-08, 3997-99. Knight advertises the Infringing Publications as being the "Same Code—Different Price" and "[a]ll [of] the Code at less than ½ the cost!" as CSA's works. *Id.*; ROA.3906-08. Knight provided the

following explanation for continuing infringement of CSA's Copyrighted Works in
the U.S.:

> Knight's Code is back. That's right folks, our release of the 2018-2021
> Canadian Electrical Code, which the [Canadian] Court [r]uled against,
> is happily available once again . . . [s]o how can we re-release Knight's
> Code now? Well, first "we," (that's me), incorporated a new entity in
> the US and transferred assets to that new entity. Knight's Code is re-
> released by PS Knight Americas Inc, from the US, and outside the
> direct jurisdiction of the [Canadian] Federal Court.

ROA.5570 (citing ROA.4956).

On November 5, 2021, the Canadian Federal Court permanently enjoined
Knight from exploiting the rest of CSA's Copyrighted Works (i.e., those works not
previously included in the court's prior injunction), including all versions of CSA's
Canadian Electrical Code, Propane Storage and Handling Code, and the Oil and Gas
Pipeline Systems Code at issue in this case. ROA.5474-80. The injunction prohibited
Knight from "importing into Canada the Infringing Works" or operating a website
for the purpose of making such infringing sales, and awarded $100,000 in statutory
damages and $75,000 in punitive damages. *Id.*

Knight actively participated in the Canadian litigation between the parties, and
the Canadian courts had jurisdiction over the parties. *See e.g.,* ROA.3917-18
(discussing some of Knight's arguments in the case). Among other things, the
Canadian Federal Court addressed the legal questions of whether: (1) copyright may
subsist in CSA's Codes, and (2) CSA is the owner of such copyrights. ROA.3917.

In answering both questions in the affirmative, the Canadian Federal Court determined that, as a matter of public policy, works incorporated by reference in legislation/laws of Canada could retain their copyright in the works. ROA.3921. The Canadian Federal Court reached its decision in part because of the "significant resources" invested by CSA, the fact that the "federal Crown acknowledged in open Parliament that CSA is the owner of Copyright in its Code and other standards, even when referenced in litigation," and that "[p]rovincial government authorities request the CSA's permission to copy portions of the CSA Code." ROA.3922. Thus, the Canadian Federal Court conclusively held that CSA owns the Canadian copyrights in its works and that such copyrights persist even if the Code is incorporated by reference into legislation in Canada. ROA.3922.

## C.  The U.S. District Court Concludes CSA is the Owner of Valid and Enforceable Canadian Copyrights in Its Works, and Knight Infringed Those Canadian Copyrights in the United States.

Following Gordon Knight's formation of PS Knight Americas, registration of a fraudulent copyright in CSA's copyrighted work, and his relocation to Texas in order to conduct infringement of CSA's Canadian copyrights from the United States, CSA brought suit against Knight in the Western District of Texas. ROA.13-47, 2365-2419. CSA initially pled infringement of CSA's 2018 Canadian Electrical Code and sought declaratory judgments of invalidity and non-ownership as to Knight's fraudulently obtained copyright registration. ROA.13-47. But after Knight

expanded the U.S. infringement to include: (1) the 2021 version of the Canadian Electrical Code; (2) CSA's Propane Storage and Handling Code (2015 and 2020 versions); and (3) CSA's Oil and Gas Pipeline Systems Code (2015 and 2019 versions), CSA amended its complaint to include Knight's infringement of these additional works. ROA.2365-2419. Knight responded by asserting claims for a declaratory judgment of invalidity or unenforceability of CSA's Copyrighted Works and a declaratory judgment that Peter Slim Knight was a co-owner or co-author in CSA's CE Code. ROA.2961-85, ROA.3076-99.

Both parties moved for summary judgment—CSA on all of its claims, Knight's defenses, and Knight's counterclaims, and Knight on their defenses of "unenforceability and noninfringement" of CSA's Canadian Copyrights. *See e.g.,* ROA.5566-67. On January 4, 2023, the District Court granted CSA's motion in its entirety and denied Knight's motion in its entirety. ROA.5603-04. The District Court granted declaratory judgment relief in favor of CSA, finding that Knight fraudulently obtained a copyright registration in CSA's works and declared that Knight's registration was invalid as a matter of law.[2] *Id.*

---

[2] One glaring omission from Knight's Opening Brief is the District Court's holding invalidating the fraudulent U.S. copyright registration Knight obtained in CSA's Canadian Electrical Code. Knight ignores his fraud on the U.S. Copyright Office in obtaining an invalid copyright in CSA's Canadian Electrical Code—the same work that Knight contends is *uncopyrightable* in the United States.

Relevant to this appeal, the District Court concluded that Canadian law controls the issues of validity and enforceability of CSA's Canadian copyrights. ROA.5576-77. And, because those issues were decided under Canadian law in the prior Canadian litigation between the parties, the District Court properly applied the principles of international comity and collateral estoppel, concluding that the District Court is collaterally estopped from revisiting the Canadian courts' rulings on those issues to which the District Court must apply Canadian law. ROA.5578-80, 84-88. Accordingly, the District Court found that CSA is the owner of valid and enforceable Canadian copyrights under Canadian law, and adopted the rejection of Knight's defenses of merger, co-authorship/co-ownership, copyright estoppel, and unenforceability under Canadian law. ROA.5576-96. The District Court then examined infringement under U.S. law and found that, because Knight admitted to copying CSA's Copyrighted Works (and Knight's Infringing Publications were substantially similar to CSA's Copyrighted Works), Knight infringed CSA's Copyrighted Works. ROA.5580-84. The District Court also held that Knight's affirmative defenses under U.S. law, including Knight's fair use defense, failed as a matter of law. ROA.5588-5599. Accordingly, the District Court enjoined Knight from further infringement of any of CSA's Copyrighted Works. ROA.5601-02.

This appeal followed, based on the grant of a permanent injunction against Knight. ROA.5605-06. The District Court reserved for determination the amount of

damages as a result of Knight's infringement, and proceedings regarding damages are ongoing before the District Court. ROA.5603-04.

**D.    Issues Not Presented in Knight's Appeal.**

Knight does not appeal a number of the District Court's findings, many of which are relevant to issues on appeal.

### 1.    *Knight Does Not Contest Their Admitted Infringement.*

Knight has not appealed the District Court's finding of infringement (ROA.5605-06), but has instead only challenged the District Court's rulings with respect to (1) enforceability, (2) the grant of a permanent injunction, and (3) the grant of summary judgment on Knight's fair use defense. Knight Br. at 1-2. Knight has accordingly waived any appeal as to infringement.

### 2.    *Knight Does Not Appeal the District Court's Factual Findings Regarding Fair Use Factors 1-3.*

Knight's Opening Brief challenges the District Court's fair use ruling on only two grounds: (1) that the District Court should have conducted its fair use analysis identically to the D.C. Circuit's analysis in *Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.*, 896 F.3d 437, 441-43 (D.C. Cir. 2018), and (2) that CSA did not provide accounting-based evidence of market harm. *See* Knight Br. at 34-41. Knight does not challenge the District Court's factual findings regarding any of the other fair use factors. *See id.* Thus, Knight has waived any challenge to the District Court's factual findings with respect to the first three fair use factors and may only

challenge (1) the District Court's overall fair use analysis as a matter of law and (2) the District Court's factual findings regarding market harm.

**3.     *Knight Also Does Not Dispute Fraudulently Registering a U.S. Copyright in CSA's Work, the District Court's Rejections of Knight's Remaining Defenses and Counterclaim, or the Court's Allowance of Damages Briefing.***

Knight also does not challenge on appeal the following District Court rulings:

- The District Court's ruling that Knight fraudulently obtained the U.S. copyright registration in Knight's Electrical Code, and the District Court's Order mandating that Knight cancel the registration (ROA.5599);

- The District Court's ruling that Knight has no co-ownership/co-authorship counterclaim or affirmative defense in CSA's Copyrighted Works (ROA.5589-91);

- The District Court's ruling that CSA has not abandoned its copyrights in CSA's Copyrighted Works (ROA.5591-92);

- The District Court's ruling that CSA has not misused its copyrights in CSA's Copyrighted Works (ROA.5592-95);

- The District Court's ruling that Knight had no defense of equitable estoppel or license (ROA.5595-96); and

- The District Court's ruling that CSA may file a supplemental motion for damages attributable to Knight's infringement (ROA.5603).

## SUMMARY OF THE ARGUMENT

The District Court issued a detailed, well-reasoned 39-page decision granting CSA's motion for summary judgment as to Knight's copyright infringement and granting summary judgment in favor of CSA on Knight's affirmative defenses of merger and fair use. The District Court did not accept all of CSA's summary judgment arguments wholesale, but rather ruled based on its own carefully crafted legal analysis.

Knight's Opening Brief on appeal fails to squarely address any of the analyses, rationale, or conclusions set forth in the District Court's Order. Instead, Knight's Opening Brief consists of a regurgitation of unsuccessful arguments yanked verbatim from Knight's opening motion for summary judgment and Knight's opposition to CSA's motion for summary judgment. *Compare* Knight Br. at 8, 10, 12, 23-26, *with* ROA.3818-33, 5482-92. Knight's Opening Brief raises no authority or rationale that was not already considered—and rejected—by the District Court. Knight fails to identify any errors in the District Court's analysis, aside from their blanket, conclusory assertions regarding "misinterpretations" and "misapplications" of the *Veeck* case and the Berne Convention. Indeed, a fundamental flaw in Knight's Opening brief—and their briefing in the District Court—is their refusal to recognize that Canadian law (and the prior decisions of the Canadian Federal Courts) applies to all the copyright validity/ownership issues in this case.

For the one issue that Knight appeals under U.S. law—their affirmative defense of fair use—Knight failed to raise a genuine issue of disputed, material fact. Instead, the undisputed facts demonstrated that Knight's copying and reproduction of CSA's Canadian Copyrighted Works is not "fair use" in the United States. Knight's argument regarding the case from the D.C. Circuit Court of Appeals (*Am. Soc'y for Testing*) fails to raise a genuine issue of material fact establishing fair use—rather it merely begs the real issue underlying Knight's appeal, *i.e.*, whether what Knight copied is copyrightable/valid under Canadian law (an issue already determined by the Canadian Federal Courts in CSA's favor). Accordingly, the District Court correctly evaluated these factors and determined Knight failed to raise an issue of material fact.

Knight's Opening Brief spans 41 pages and lists no fewer than six alleged issues they would like the Court to consider on appeal. Knight's brief, however, as has been their wont during the entirety of the district court litigation, is repetitive, duplicative of prior filings before the District Court, and premised on rambling arguments about their interpretation of U.S. and Canadian case law—none of which cast any doubt on the propriety of the District Court's opinion. Indeed, Knight's brief does not explain *why* the District Court's specific bases for its disposition are supposedly wrong, but instead spends its focus re-hashing the same issues and

arguments (often verbatim) that Knight already presented and the District Court considered and properly rejected.

Because Knight fails to present this Court with any specific arguments challenging the District Court's judgment and does not identify any actual error committed by the District Court, this Court should affirm the grant of summary judgment and injunctive relief in CSA's favor.

## ARGUMENT

### A.    Standard of Review

**Foreign Law:** The Fifth Circuit "review[s] questions regarding foreign law *de novo*." *Alameda Films SA de CV v. Authors Rts. Restoration Corp. Inc.*, 331 F.3d 472, 476 (5th Cir. 2003) (quoting *Karim v. Finch Shipping Co.*, 265 F.3d 258, 271 (5th Cir. 2001); *see also Itar–Tass Russian News Agen. v. Russian Kurier, Inc.*, 153 F.3d 82, 92 (2d Cir. 1998) (noting, in reviewing a district court's application of Russian copyright law under 17 U.S.C. § 104A, that a "[d]etermination of a foreign country's law is an issue of law").

**Summary Judgment:** This Court "review[s] a grant of summary judgment de *novo*, applying the same standard as the district court." *Hassen v. Ruston La. Hosp. Co., L.L.C.*, 932 F.3d 353, 355 (5th Cir. 2019). As such, this Court's analysis "is not limited to that employed by the district court," and this Court "may affirm the district court's decision on any basis presented to the district court." *Am. Family*

*Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 896 (5th Cir. 2013) (quoting

*LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007)) (internal

quotation marks omitted).

Summary judgment is required when "there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." *Hassen*, 932

F.3d at 355 (quoting FED. R. CIV. P. 56(a)). "Summary judgment cannot be defeated

through conclusional allegations and denials, speculation, improbable inferences,

unsubstantiated assertions, and legalistic argumentation." *Houston v. Tex. Dep't of

Agric.*, 17 F.4th 576, 582 (5th Cir. 2021) (internal alterations and quotation marks

omitted). Rather, the party opposing summary judgment is required both "to identify

specific evidence in the record" and "to articulate the precise manner in which that

evidence supports his or her claim." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d

455, 458 (5th Cir. 1998). Further, "[c]onclusional allegations and denials,

speculation, improbable inferences, unsubstantiated assertions, and legalistic

argumentation do not adequately substitute for specific facts showing a genuine

issue for trial." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th

Cir. 2002).

**Comity:** A district court's decision to grant or deny comity is reviewed for

abuse of discretion. *See In re Vitro S.A.B. de CV*, 701 F.3d 1031, 1042 (5th Cir.

2012) (citing *Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana, SA de*

*CV*, 347 F.3d 589, 593 (5th Cir. 2003) (applying abuse of discretion standard to review district court's grant of comity to Mexican bankruptcy court's *ex parte* order). It is Knight's burden to prove an abuse of discretion. *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390, 1394 (5th Cir. 1986).

**Fair Use:** Fair use is "a mixed question of law and fact." *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1199 (2021) (quoting *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985)) (internal quotation marks omitted). Because fair use was decided on summary judgment, this Court reviews the District Court's fair use analysis *de novo. Id.*; *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998) (in reviewing a district court's grant of summary judgment, "[t]he [appellate] court will not weigh the evidence or evaluate the credibility of witnesses; further, all justifiable inferences will be made in the nonmoving party's favor.").

**Permanent Injunction:** A trial court's grant of a permanent injunction is reviewed for abuse of discretion. *BNSF Ry. Co. v. Int'l Ass'n of Sheet Metal, Air, Rail & Transportation Workers - Transportation Div.*, 973 F.3d 326, 333 (5th Cir. 2020). "[A] district only abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *Rodney v. Elliott Sec. Sols., L.L.C.*, 853 F. App'x 922, 924 (5th Cir.

2021) (quoting *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003)) (internal quotation marks omitted).

**B.    Knight Has Waived All Issues Not Challenged on Appeal and Forfeited Additional Issues by Failing to Address the District Court's Analysis.**

Knight has not challenged any of the District Court's rulings listed above in section D of the Statement of the Case. Knight has therefore waived any challenge to these issues on appeal. *See, e.g.*, *Ruiz v. U.S.*, 160 F.3d 273, 275 (5th Cir. 1998) ("[I]ssues not briefed on appeal are waived.") (citing *S.E.C. v. Recile*, 10 F.3d 1093, 1096 (5th Cir. 1993) ("[I]ssues not raised at all are waived.")). Knight cannot raise any of these issues on reply. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("This Court will not consider a claim raised for the first time in a reply brief.").

Moreover, significant portions of Knight's Opening Brief fail to address the District Court's analysis. Indeed, very little of Knight's argument is spent identifying alleged errors to or critiquing the Order at all. Rather, it is apparent that Knight "copied and pasted" many of the arguments from Knight's opening summary judgment brief and summary judgment response into Knight's Opening Brief. Substantive arguments that were *not* copied-and-pasted are rare.

- Knight's "Statement of the Case" Sections:
    - Section A: (*compare* ROA.2962, 3124-26, *with* Knight Br. at 4-8);
    - Section B: (*compare* ROA.3124-25, 27-28, *with* Knight Br. at 9-10); and
    - Section C: (*compare* ROA.3127, *with* Knight Br. at 10-11).
- Argument and Authorities:
    - Section B (*compare* ROA.3119-20, *with* Knight Br. at 15-16);

- o Section C (*compare* ROA.3120-22, *with* Knight Br. at 16-21);
- o Section D (*compare* ROA.3129-31, *with* Knight Br. at 21-24);
- o Sections E and F (*compare* ROA.3127-29, *with* Knight Br. at 24-27);
- o Portions of Section G (*compare* ROA.2953 ["There is no need for this Court to resolve any question of ownership or validity in dismissing this case. The judicial decisions that are closest on point to this case involve the enforceability of copyrights in privately drafted model codes that have been adopted as law, and those decisions acknowledge that the drafter owns copyrights in the model code."], *with* Knight Br. at 31);
- o Section H (*compare* ROA.3132-33, *with* Knight Br. at 32-33); and
- o Section I (1) (*compare* ROA.5487-90, *with* Knight Br. at 34-39).
- Conclusion and Statement of Relief (*compare* ROA.3133, *with* Knight Br. at 41).

The U.S. Courts of Appeals have little tolerance for briefing tactics such as these employed by Knight. *See Coghlan v. Starkey*, 852 F.2d 806, 810 (5th Cir. 1988) ("[C]osts and attorneys' fees are merited for a frivolous appeal the result of which is obvious from the comprehensive and decisive exposition of the law by the judge below."); *Conboy v. United States Small Bus. Admin.*, 992 F.3d 153, 157 (3d Cir. 2021) (awarding Rule 38 damages where counsel "simply took the summary judgment section of his District Court brief and copied and pasted it into his appellate brief, with minor changes."). Indeed, the Fifth Circuit has repeatedly criticized opening briefs where the appellant disregarded the district court's reasoning and conclusions and merely regurgitated prior arguments, which failed to engage with the decision being appealed. *See United States v. Tavera-Jaimes*, 609 F. App'x 254, 255 (5th Cir. 2015) (per curiam) ("When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that

issue.") (internal citation omitted); *see also United States v. Lanier*, 879 F.3d 141, 150 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 247, (2018), *reh'g denied*, 139 S. Ct. 624 (2018) ("Because [appellant's] appellate brief ignores the very ruling that is being appealed from, he has abandoned the issue, which was not briefed properly to address the basis of the district court's ruling.") (internal quotation marks and citation omitted) (citing *Tavera-Jaimes*); *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 372 (5th Cir. 1998) (holding that parties who failed to argue why or on what grounds the district court's finding was legally or factually incorrect waived the issue on appeal).

Accordingly, where Knight has simply regurgitated his lower court arguments—which do not provide any meaningful analysis of the District Court's bases or decision being appealed—such portions should be disregarded by this Court.[3] *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (failure to identify an error in the district court's order "is the same as if [appellant] had not appealed that judgment"). Should this Court nonetheless elect to

---

[3] Further, CSA intends to seek damages and costs under Federal Rule of Appellate Procedure 38 because Knight's copy-and-paste briefing "is not proper appellate advocacy." *Conboy*, 992 F.3d at 157. The outcome of Knight's entirely rehashed arguments is obvious based on the "comprehensive and decisive exposition of the law by the judge below," which addressed and rejected the same arguments now on appeal. *Coghlan*, 852 F.2d at 810.

consider these issues on the merits, the District Court's rulings on all of them were correct and should be affirmed for the reasons set forth below.

## C.   The District Court Correctly Granted Summary Judgment in CSA's Favor as to Knight's Infringement of CSA's Canadian Copyrights in the United States.

A plaintiff seeking to establish copyright infringement must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The District Court correctly held that CSA met its burden on both elements as a matter of law.

It is undisputed that Knight has continued to unlawfully exercise CSA's exclusive Canadian copyright rights without authorization in both Canada and the U.S., including the rights to reproduce, make derivative works of, and distribute CSA's Copyrighted Works. *See, e.g.,* ROA.3953-80 (finding Knight in contempt due to his continued infringement of CSA's Copyrighted Works). Still, Knight speciously disputes CSA's ownership of valid Canadian copyrights—despite five court orders to the contrary. Abandoning many of their copyright-validity/enforceability arguments Knight made below, Knight now only argues that this Court should remand for the District Court to consider *Veeck* once again (for, at least, the fourth time). Knight's rehashed arguments still fail for at least the reasons set forth below.

**D.     The District Court Correctly Interpreted *Veeck*.**

Knight asserts the District Court allegedly "misinterpreted and misapplied the law, especially *Veeck*, to the facts of this case in at least five different respects." *See* Knight Br. at 28-31. In alleging these "errors," Knight makes no real argument why the District Court's decision was incorrect and instead makes only conclusory assertions that the District Court misinterpreted case law (i.e., *Veeck*) by not adopting Knight's view of that case. On pages 28-30 of their brief, Knight contends that the District Court "misinterpreted" and/or "misapplied" *Veeck*—but then fails "to adequately target the aspects of the district court's grant of summary judgment [they] believe[] warrant [the Fifth Circuit's] reversal." *See Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 533 (5th Cir. 2012). It is not enough to merely mention or allude to a legal theory. *See, e.g., McIntosh v. Partridge*, 540 F.3d 315, 325 n.12 (5th Cir. 2008). Knight, as the appellant, bears the burden of setting forth the specific findings and conclusions of the District Court that are challenged on appeal, with citations to the record and relevant authorities. *See* FED. R. APP. P. 28(a)(8)(A); *Rollins v. Home Depot USA*, 8 F.4th 393, 397 n.1 (5th Cir. 2021); *Alameda Films*, 331 F.3d at 483 n.34. Knight, however, provides no legal authority to support their contention that the District Court supposedly misinterpreted *Veeck.* And Knight's failure to address the District Court's analysis and explain how it erred is particularly fatal, considering that the arguments Knight

advances on appeal are the same arguments they made in the District Court, as shown

below:

1. "[T]he district court misinterpreted *Veeck* by limiting its application to 'works that have been in incorporated into the federal, state, or local laws *of the United States*.'" *Compare* Knight Br. at 28 *with* ROA.2956-57, 5541.

2. "The district court misapplied the defense of merger under *Veeck* by restricting its application solely to whether CSA owns copyrights in the Codes." *Compare* Knight Br. at 28-29 *with* ROA.2954-55, 5541.

3. "The district court dropped a footnote incorrectly contending that even if *Veeck* did apply here, 'Defendants have not shown the Court that they publish merely Canadian law, rather than a wholesale replica of CSA's model code, as a model code.' Under the facts of this case, it is impossible to publish a copy of Canadian law without also publishing a copy of the model code because the model code is adopted as law in its entirety in Canada." *Compare* Knight Br. at 29 *with* ROA.3124, 5534, 5536.

4. "The district court wrongly stated that the 'bulk of [Knight's] argument relates to the first element of direct copyright infringement: whether CSA owns a valid copyright in its works.' ROA.5577. To the contrary, as Knight discussed in detail in the district court briefing and reiterated here, there is no need to resolve any question of ownership or validity in determining that CSA's copyrights are unenforceable under United States law. Again, the judicial decisions that are closest on point to this case involve the enforceability of copyrights in privately drafted model codes that have been adopted as law, and those decisions acknowledge that the drafter owns valid copyrights in the model code." *Compare* Knight Br. at 30-21 *with* ROA.2953, 3129-30.

5. "[T]he district court misapplied the Berne Convention, which holds that United States law exclusively governs 'the extent of protection' given to foreign works. And this Court held in *Veeck*, § 102(b) of the Copyright Act proscribes extending copyright protection to the law. Thus, even foreign works are subject to the strictures of §

102(b) because it defines the extent of copyright protection in the United States, which means foreign copyrights are not enforceable in the U.S. as to persons accused to making copies of the law." *Compare* Knight Br. at 31 *with* ROA.2955-56, 5482, 5542.

Knight advanced each of these five "issues" before the District Court in a motion to dismiss based on copyrightability/enforceability under United States law, objections to the magistrate's report and recommendation, denying their motion to dismiss, and on summary judgment. *See* ROA.2765-77, 2952-57, 3118-33. Indeed, Knight advanced their "misunderstanding of *Veeck*" claim in their objections to the magistrate's findings, conclusions, and recommendation, arguing: "The Report did not consider the reasoning behind *Veeck*." ROA.2955. After a "*de novo* review of the entire case file," the Court overruled Knight's objections (including their objection regarding the Court's "misunderstanding of *Veeck*") and adopted the magistrate's report. ROA.2959-60. Thereafter, Judge Ezra reemphasized that Knight's continued position under *Veeck* (i.e., that "no one can own the law" and CSA's Copyrighted Works are "the law") still fails – "just as it did in the Motion to Dismiss." ROA.5578-79.

Even still, Knight continues to advance their "misunderstandings" rhetoric – and does so without providing CSA or this Court with any legal or factual basis for determining that the District Court committed any error. This Court has recognized that stating "nothing more than a bold, naked assertion that the district court erred" fails to preserve issues for appeal. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1527-

28 (5th Cir. 1993). In fact, when faced with such an "absence of logical argumentation or citation to authority, [this Court has previously] decline[d] to reach the merits of these claims." *Alameda Films*, 331 F.3d at 483.

**E.     The District Court Correctly Held There is No Issue of Material Fact as to CSA's Ownership of Valid Foreign Copyrights for CSA's Copyrighted Works.**

While Knight takes issue with the District Court's decision as outlined above, their arguments fail to address the substance of the District Court's well-reasoned opinion as to *Veeck* or otherwise. Knight neglects to identify any valid error or disputable issue of fact.

Instead, Knight continues their arguments regarding *Veeck* despite the discrepancies in fact and law between that case and the instant one. Knight Br. at 15-31. Knight's *Veeck* argument is based on the government edicts doctrine—a U.S. based doctrine. *Id.* Knight argues that this doctrine permits infringement of CSA's Canadian copyrights in the United States—even though such copyrights are valid and copyrightable under Canadian law. *Id.* Knight's contention fails in three key respects (as the District Court noted): (1) Canadian law controls whether CSA's works can be copyrighted; (2) Knight fails to identify any Canadian legal doctrine resembling the American government edicts doctrine; and (3) Knight does not provide any law (in the U.S. or otherwise) supporting his position that foreign copyrights, which are valid and copyrightable in that foreign country, are

unenforceable in the U.S. based on the government edicts doctrine or otherwise. *See* ROA.5584-88.

The District Court correctly concluded that, for works protected under the Berne Convention,[4] "[t]he foreign law where the copyrights are held 'determines the ownership and essential nature of the copyrights alleged to have been infringed' while the 'United States law determines whether those copyrights have been infringed' and what remedies are available." ROA.5576-77 (citing *Itar-Tass*, 153 F.3d at 84; *Alameda Films*, 331 F.3d at 476). The foreign law on the ownership/copyrightability of CSA's Copyrighted Works is clear, as the issue was squarely addressed in the Canadian court decisions in the prior litigation between the parties. And, as the District Court correctly held, because those decisions involved a foreign judgment that was: (1) rendered by a court of competent jurisdiction with jurisdiction over the parties, (2) supported by due allegations and proof, (3) provided the parties an opportunity to be heard, (4) issued by a court that follows procedural rules, and (5) involved proceedings stated in a clear and formal record, they are preclusive of the question of the copyrightability of CSA's works. ROA.5585-86 (citing *Int'l Transactions*, 347 F.3d at 894. Thus, the District Court

---

[4] Berne Convention for the Protection of Literary and Artistic Works of 1886, and the Berne Implementation Act of 1988, Pub. L. No. 100-568, 102 Stat. 2853 (Oct. 31, 1988).

correctly concluded that CSA's works are entitled to copyright protection in this case.

As the District Court also correctly held, *Veeck* is inapplicable to this litigation on the facts and law. The *Veeck* case began in 1997, when Peter Veeck, the operator of "a non-commercial website that provide[d] information about north Texas," 293 F.3d at 793, decided to post the local building codes of two small towns in north Texas, Anna and Savoy. *Id.* Both towns "had adopted the 1994 edition of the Standard Building Code written by [the] appellee, Southern Building Code Congress International, Inc. ('SBCCI')."*Id.* When Veeck had trouble getting a copy of the codes from the towns, Veeck purchased a copy from SBCCI for $72.00. *Id.* He then cut and pasted the text to his website, removing any suggestion that the codes were published by SBCCI and identifying them simply as "the local building codes of Anna and Savoy, Texas." *Id.* SBCCI "demanded that [Veeck] cease and desist from infringing its copyrights." *Id.* at 794. The district court granted summary judgment in favor of SBCCI. *Id.* The Fifth Circuit upheld the decision on appeal, but "elected to rehear [the] case *en banc* because of the novelty and importance of the issue it present[ed]." *Id.*

By a 9-6 vote, the en banc Fifth Circuit held that under that case's record and circumstances, when the model codes were "adopted by a legislative body and bec[a]me 'the law'," they "enter[ed] the public domain and [were] not subject to the

copyright holder's exclusive prerogatives." *Veeck*, 293 F.3d at 793. The majority explicitly limited its holding to "the wholesale adoption of a model code promoted by its author . . . for use as legislation," distinguishing cases involving the "official incorporation of extrinsic standards." *Id.* at 804 (citing *CCC Info. Services v. Maclean Hunter Market Reports, Inc.*, 44 F.3d 61 (2nd Cir. 1994); *Practice Management Info. Corp. v. American Medical Ass'n*, 121 F.3d 516 (9th Cir. 1997), *opinion amended by* 133 F.3d 1140 (9th Cir. 1998)). The *Veeck* court expressly emphasized that it was *not* deciding whether "copyrights may be vitiated simply by the common practice of governmental entities' incorporating their standards in laws and regulations." *Veeck*, 293 F.3d at 803-04. The Court distinguished between "extrinsic standards"—which require citizens "to consult or use a copyrighted work in the process of fulfilling their obligations"—and "the wholesale adoption of a model code." *Id.* at 804-05. The Court noted that the model codes at issue there (unlike here) served "no other purpose than to become law," and acknowledged that when standards also have other uses, such as being "used by insurance companies and had other non-governmental uses," they do not lose their copyright when incorporated by reference. *Id.* at 805.

This case, unlike *Veeck*, does not involve an attempt by CSA to claim an ownership interest in "the law" "identified" as such. *See id.* at 793, 800. Nor does this case involve a "model code" which was created for the "sole motive and

purpose" of being enacted into law. *Id.* at 804, 805. CSA has asserted its foreign copyright interest only in its privately-created voluntary standards, which have been incorporated-by-reference into laws and regulations in *Canada*. *Veeck* does not address this situation.

Furthermore (as pointed out by the District Court), Knight "ha[s] not shown the Court that they publish merely Canadian law, rather than a wholesale replica of CSA's model code, as model code." ROA.5589 (citing *Veeck*, 293 F.3d at 805 ("[T]he result in this case may have been different if Veeck had published not the building codes of Anna and Savoy, Texas, but the SBCCI model codes, as model codes.")). And on appeal, Knight still provides no material facts as to same—or any citation to the District Court's record whatsoever. *See* Knight Br. at 30 ("Here again, there is no allegation in this case that any changes to the Codes are made by the local or regional jurisdictions when the Codes are adopted as law. Further, the citations and quotations to Canadian law discussed previously show that, at least in those jurisdictions, no changes are made to the Codes when they are adopted as law. So it is impossible to make copies of Canadian law without also making copies of the Codes.").[5] In making this assertion, Knight fails to support it with citations to the

---

[5] As the party opposing summary judgment, Knight is not permitted to "rest upon allegations in the pleadings" to overcome summary judgment. *See Lewis v. Greenwood Motor Lines, Inc.*, No. 22-10758, *2023 WL 2810881*, at *1 (5th Cir. Apr. 6, 2023) (citing *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007)).

record on appeal. *See* FED. R. APP. P. 28(a)(8) (appellant's brief must contain "appellant's contentions and the reasons for them, *with citations to the authorities and parts of the record on which the appellant relies*") (emphasis supplied); 5th Cir. R. 28.2.2 ("Every assertion in briefs regarding matter in the record must be supported by a reference to the page number of the original record, whether in paper or electronic form, where the matter is found using the record citation form as directed by the Clerk of Court."). Knight has therefore waived their argument regarding purported publication of merely "the law" in Canada—rather than CSA's Copyrighted Works. *See Sindhi v. Raina*, 905 F.3d 327, 334 (5th Cir. 2018) (litigant can waive an argument "if he fails to cite authority to support his position").

Further, the six dissenters of *Veeck*, the Office of Financial Research, and leading copyright treatises, all confirm that Knight's expansive reading of *Veeck* to reach works like those at issue here should be rejected—and not stretched to apply to foreign works. *See, e.g.*, 79 Fed. Reg. at 66,268 (79 FR 66267-01) (noting that "recent developments in Federal law, including the *Veeck* decision . . . have not eliminated the availability of copyright protection for privately developed codes and standards referenced in or incorporated into federal regulations. Therefore, we agreed with commenters who said that when the Federal government references copyrighted works, those works should not lose their copyright."); 1 Nimmer on Copyright § 5.12 (2023) (*Veeck* majority "took pains to emphasize the limits of its

holding" "to allay the fear of *amici* standards-writing organizations"). Knight offers no persuasive reason for this Court to depart from that consensus—or to apply *Veeck* to foreign copyrights.

Knight identifies no Canadian legal case or doctrine similar to the government edicts doctrine or similar to the holding in *Veeck*. This is *not* "a distinction without a difference"—a repeatedly forced argument by Knight with no backing or reasoning under U.S. or Canadian law. Again, Knight's cited cases, including *Veeck*, only deal with the *American* government edicts doctrine, which extends only to works that have been incorporated into the federal, state, or local laws *of the United States*. *See Veeck*, 293 F.3d at 796 (5th Cir. 2002); *Int'l Code Council, Inc. v. UpCodes, Inc.*, No. 17 Civ. 6261 (VM), 2020 WL 2750636, at *6 (S.D.N.Y. May 27, 2020). No U.S. court has applied this doctrine to foreign copyrights. Indeed, in the District Court, three different judges rejected Knight's arguments as to *Veeck* and the government edicts doctrine. In particular, U.S. Magistrate Judge Susan Hightower, U.S. District Court Judge Lee Yeakel, and U.S. District Court Judge David A. Ezra—through rulings on Knight's motions to dismiss, objections to the magistrate judge's recommendations, and summary judgment motion—completely rejected Knight's *Veeck*/government edicts arguments. Knight has continuously failed to provide any authority or rationale as to why *Veeck* or the U.S. government edicts doctrine applies to CSA's Canadian copyrights. Because the District Court properly

concluded that *Veeck* and the government edicts doctrine do not prevent the enforcement of CSA's Copyrighted Works in the U.S., the District Court's judgment should be affirmed.

**F.    The District Court Did Not Abuse Its Discretion When It Accorded Comity to the Canadian Court Judgment and Thereby Ruled that Knight's Merger Defense Fails.**

Knight also appears to appeal the District Court's ruling on their "merger" defense. The District Court rejected Knight's argument that "CSA's Copyrighted Works are unenforceable under the doctrine of merger." In so ruling, the District Court "agree[d] with CSA that the doctrine of merger relates to the copyrightability of a work, not the existence of infringement." ROA.5588. The District Court next held that "Canadian copyright law governs [Knight's defense of] merger, and [that] comity and collateral estoppel counsel this Court to adopt the Canadian court's well-reasoned rejection of Defendants' merger defense." *Id.* The Canadian court's rejection of Knight's merger defense provided: "Canadian law does not preclude private copyright of 'material incorporated by reference into statues of regulations, like the CSA Electrical Code.'" *Id.* In applying the principles of collateral estoppel, the District Court thereafter concluded Knight's merger defense fails under Canadian law. ROA.5589.

Knight makes no argument and otherwise ignores the District Court's analysis as to its denial of Knight's merger defense for reasons of international comity and

collateral estoppel. This includes the District Court's conclusion that the Canadian courts are a court of competent jurisdiction and that the Canadian Federal Court had "jurisdiction over the cause and the parties, the judgments were amply supported by due allegations and proof, Knight and CSA had opportunities to be heard, procedural rules were followed, and the record was clearly stated." ROA.5586. Since Knight has failed to identify any reversible error or abuse of discretion in the District Court's decision to defer to considerations of international comity and collateral estoppel as to Knight's defense of merger, this Court should affirm the decision below. *Ruiz*, 160 F.3d at 275; *Yohey*, 985 F.2d at 225.

## G.     The District Court Correctly Held Knight Failed to Meet Their Burden to Show Genuine Issues of Material Fact as to Fair Use.

The District Court correctly found that section 107 of the Copyright Act (17 U.S.C. § 107)—the Act's fair use provision—does not excuse Knight's copying. While Knight did not set forth a standard of review on the issue of fair use as required by FED. R. APP. P. 28(a)(8)(B) (*see* Knight Br. at 14), Knight challenges the District Court's rejection of Knight's fair use defense. Fair use is an affirmative defense to infringement that Knight bears the burden to prove. *See Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569, 590 (1994). The fair use statute, 17 U.S.C. § 107, calls for the consideration of four factors, and the District Court found "[e]ach of these factors weighs clearly in favor of CSA." ROA.5593.

In analyzing whether there were issues of genuine material fact precluding summary judgment in favor of CSA on this defense, the District Court analyzed the factual record, holding that the "record contradicts [Knight's] claim that the Knight's Code is 'purely educational in nature.'" ROA.5593. In particular, the District Court highlighted that Knight "admit[s] that [he] publish[es] Knight's Code for a 'reasonable price in the market in an attempt to profit.'" *Id.* (citing ROA.3795-98 (stating that "we are competing in the market," and "[w]ere it not for [CSA], I would be making profit off [the Knight Codes].")). In view of these undisputed facts, the District Court correctly held that *Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.* was "entirely inapposite" to this case. ROA.5593. Unlike the defendant in *Am. Soc'y for Testing*, where there was "little, if anything in the record indicating" the defendant "[stood] to profit from its production of the law," the record here stands in stark contrast. *Id.* ("Defendants' website and advertisements make clear that Knight's Code is produced to undermine CSA's sales and priced to undercut CSA's prices.") (citation omitted).

Nevertheless, Knight argues the District Court erred in its fair use analysis because it allegedly "did not correctly apply" the factors under the *Am. Soc'y for Testing* "framework." Knight Br. at 34. In relying on this case (again), Knight's argument still fails to account for the differences between the facts involved in that

case versus the instant action, and further does not acknowledge the District Court's analysis of same in its summary judgment ruling.

On appeal, Knight must show that the District Court's ultimate legal analysis was incorrect as a matter of law. Knight cannot do so. Because the District Court correctly applied the law to its factual findings to reach the ultimate conclusion that each factor favors CSA and that Knight failed to present a genuine issue of material fact as to any factor, the District Court's ruling should be affirmed.

**1.      Knight's Wholesale Copying and Distribution of CSA's Copyrighted Works is Substitutional and for Profit, Not Transformative.**

The District Court correctly held that § 107's first factor—"the purpose and character of the use, including whether such use is of a commercial nature"— weighed in CSA's favor. ROA.5593-94. Courts have uniformly recognized that a fair use defense fails if the defendant's use simply results in "providing the public with a substantial substitute for matter protected by the [p]laintiffs' copyright interests in the original works." *Authors Guild v. Google, Inc.*, 804 F.3d 202, 207 (2d Cir. 2015); *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1176 (9th Cir. 2012).

The purpose and character of Knight's copying is plainly substitutional. Stripped of Knight's rhetoric, Knight's essential purpose is to distribute copies of CSA's Copyrighted Works at a lower price than CSA, as the District Court correctly held. Indeed, Knight makes duplicate copies of CSA's Copyrighted Works and sells

them at 1/2 to 1/3 of the price. ROA.3906-08. Nowhere in that process does Knight add a scintilla of criticism, commentary, reporting, or scholarship, let alone anything new or otherwise imbuing the work with new meaning. *See Campbell*, 510 U.S. at 578-79.

Knight's reliance on *Am. Soc'y for Testing* is misplaced as that case is entirely inapposite to the facts of this litigation, as the District Court correctly held. ROA.5593. In particular, *Am. Soc'y for Testing* involved "'a free website hosting standards incorporated into United States law,'" wherein Knight is not offering anything for free—and "could not be clearer about [his] intent to profit [off of CSA's copyrighted works]." ROA.5593 (quoting *Am. Soc'y for Testing*, 896 F.3d at 449).

Knight does not challenge the District Court's analysis of the first factor beyond summarily arguing that *Am. Soc'y for Testing* compels a different result. *See* Knight Br. at 37, 39-40 (addressing district court's analysis of the third and fourth factors, but not the first and second). Knight's conclusory contentions are insufficient to meet Knight's burden on appeal and therefore the issue has been waived. *Ruiz*, 160 F.3d at 275; *Yohey*, 985 F.2d at 225.

Indeed, *Am. Soc'y for Testing* is irrelevant to the Court's analysis of the first factor, which, *inter alia*, looks to whether a use is commercial or non-profit (with the former militating against a finding of fair use). The District Court correctly found this factor weighed in favor of CSA. ROA.5593-94; *see also Harper & Row*, 471

U.S. at 562 ("The fact that a publication was commercial as opposed to nonprofit is a separate factor that tends to weigh against a finding of fair use."). Knight concedes that the Infringing Publications are published for profit and therefore does not challenge the District Court's finding on this point. Knight Br. at 35 ("Knight was not publishing . . . as a nonprofit . . . .").

The District Court correctly found that the first factor weighs strongly against a finding of fair use.

### 2.     *CSA's Works Merit Full Copyright Protection under Canadian Law.*

The District Court also correctly held that § 107's second factor—"the nature of the copyrighted work"—weighs in CSA's favor. ROA.5594-95. In conducting its analysis, the District Court noted that "[a]s to the second factor, [Knight] provide[s] no facts indicating that [he] "add[ed] something new, with a further purpose" . . . such that [his] reproduction of CSA's Copyrighted Works was transformative." ROA.5594. Again, Knight only challenges this factor by vaguely referencing *Am. Soc'y for Testing. See* Knight Br. at 37, 39-40 (addressing District Court's analysis of the third and fourth factors, but not the first and second). This does not satisfy Knight's burden on appeal and therefore the issue has been waived. *Ruiz*, 160 F.3d at 275; *Yohey*, 985 F.2d at 225.

3.    *Knight Engaged in Wholesale Copying and Distribution of CSA's Copyrighted Works.*

The District Court correctly held that § 107's third factor—"the amount and substantiality of the portion used in relation to the copyrighted work as a whole"— weighs in CSA's favor because Knight copied and distributed the entirety CSA's Copyrighted Works. ROA.5594-95. While wholesale copying does not preclude fair use *per se*, copying an entire work militates against a finding of fair use. ROA.5594-95; *see, e.g., Stross v. Stone Textile*, LLC, No. 1:18-CV-454-RP, 2019 WL 4060888 (W.D. Tex. June 27, 2019) ("[C]opying an entire work militates against a finding of fair use . . . . Unless the use is transformative, the use of a copyrighted work in its entirety will normally weigh against a finding of fair use.").

Knight argues its wholesale copying constitutes fair use under U.S. law because they are merely "copying the law" in Canada. This argument failed in the District Court—as it does here. The District Court held Knight's position is "especially damning" because "Knight's Codes are broken down not by reference to any law where the standards may be found, but by the exact sections and subsections of CSA's Copyrighted Works." ROA.5594. Furthermore, Knight's argument presumes a transformative purpose of the exact copying; Knight's infringing publications have none. And, Knight's cited authorities are distinguishable; those cases did not involve wholesale copying and distribution of works incorporated by reference in Canadian legislation—and further did not involve infringing works

which were meant to be a market substitute for the CSA's Copyrighted Works. *See* ROA.5593-94.

Because Knight's appeal ignores the District Court's holding that Knight's non-transformative wholesale copying does not weigh in favor of fair use, Knight's arguments have been waived. ROA.5594-95. Even still, the District Court correctly concluded that the third factor weighs in favor of CSA and that Knight failed to present a genuine issue of material fact on this factor.

### 4. *Knight's Use is Meant to Replace CSA's Works, Thereby Directly Undermining the Market for CSA's Works.*

The District Court correctly held that § 107's fourth factor—"the effect of the use upon the potential market for or value of the copyrighted work"—weighs in CSA's favor. ROA.5594-95. Knight challenges the conclusion on this factor, arguing that *CSA* did not produce accounting-based evidence of market harm caused by Knight's actions. Knight Br. at 37. Knight's argument ignores that it is Knight's—not CSA's—burden to prove this defense and fair use factor. *See Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, 553 F. Supp. 2d 680, 701 (N.D. Tex. 2008) (burden of proof for market effect factor *only* shifts to copyright holder where challenged use is *noncommercial*) (citing cases and *Campbell*, 510 U.S. at 590). Furthermore, this factor presumptively weighs in CSA's favor because Knight's use is commercial. ROA.5595; *Harper & Row*, 471 U.S. at 566-67; *see also Stross*, 2019 WL 4060888, at *6 ("every commercial use of copyrighted

material is presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of the copyright"). Even on appeal, Knight concedes commercial use of CSA's Copyrighted Works. *See* Knight Br. at 35 ("Knight was not publishing . . . as a nonprofit . . . ."). The District Court also correctly noted that "Defendants provided nothing to rebut this presumption [because] their own emails show the negative 'potential market effects' of Defendants' continued reproduction of CSA's Copyrighted Works." ROA. 5595 (citing ROA.5067-5073). Because the District Court correctly concluded the fourth factor presumptively weighed in favor of CSA and Knight failed to show a genuine issue of material fact as to this factor, or evidence or argument to the contrary, this Court should affirm the District Court's finding against fair use.

Because the fair use factors—as analyzed based on the facts of **this** case—weigh strongly against fair use and in favor of CSA, this court should affirm the District Court's finding that Knight's fair use defense fails as a matter of law.

## H.    The District Court Did Not Abuse Its Discretion In Issuing a Permanent Injunction to Stop Knight's Ongoing Infringement.

CSA's entitlement to injunctive relief is clear: As a general rule, a permanent injunction will be granted when copyright infringement liability has been established and there is a threat of continuing violations. *See* S. *Credentialing Support Servs., L.L.C. v. Hammond Surgical Hosp., L.L.C.*, 946 F.3d 780, 784 (5th Cir. 2020) ("The district court correctly concluded that [the defendant] infringed valid copyrights . . .

[w]e thus affirm the permanent injunction it entered barring future infringement.");

*Fermata Int'l Melodies, Inc. v. Champions Golf Club Inc.*, 712 F.Supp. 1257, 1262 (S.D. Tex. 1989), *aff'd*, 915 F.2d 1567 (5th Cir. 1990).

In this case, the District Court correctly found that injunctive relief was particularly warranted given Knight's arrogant and knowing conduct and his defiant threats to continue his infringement of CSA's works. ROA.5600-02. The District Court correctly held that Defendants' infringement of CSA's works has persisted "despite extensive efforts by CSA to curb the infringement." ROA.5601. Further, as the District Court noted, Knight has threatened to expand his line of infringing publications—stating that he is "just getting going." ROA.5601 (citing ROA.5052-5056). Thus, it is not unlikely that Knight will attempt to infringe CSA's copyrights in the future and permanent injunctive relief is therefore necessary to prevent future infringement. *See S. Credentialing*, 946 F.3d at 784; *Broad. Music, Inc. v. Bentley*, No. SA-16-CV-394-XR, 2017 WL 782932, at *5 (W.D. Tex. Feb. 28, 2017) (granting permanent injunction because "Defendant's continued infringement of Plaintiffs' copyright persists despite extensive efforts by BMI to curb the infringement.").

In all respects, the District Court's decision was soundly based upon the uncontroverted record and well-established case law, and should be affirmed in its entirety.

## CONCLUSION

For the reasons set forth above, the District Court's summary judgment decision and grant of a permanent injunction against Knight is fully supported by law and the evidence of record. Knight's arguments fail as a matter of law and the District Court's judgment should be affirmed in its entirety.

Respectfully submitted,

*/s/ Michael A. Parks*
Michael A. Parks
Katherine E. Colvin
Alex D. Weidner
THOMPSON COBURN LLP
55 E. Monroe Street
Chicago, Illinois 60603
P: 312.346.7500
F: 312.580.2201
mparks@thompsoncoburn.com
kcolvin@thompsoncoburn.com
aweidner@thompsoncoburn.com

Nicole L. Williams
Elizabeth G. Myers
Jasmine S. Wynton
THOMPSON COBURN LLP
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
P: 972.629.7100
F: 972.629.7171
nwilliams@thompsoncoburn.com
emyers@@thompsoncoburn.com
jwynton@thompsoncoburn.com

*Counsel for Plaintiff-Appellee Canadian Standards Association*

## CERTIFICATE OF SERVICE

I certify that on May 17, 2023, the foregoing document was served, via the Court's CM/ECF Document Filing System, as well as by electronic mail, upon the following:

James R. Gourley
Carstens, Allen & Gourley, LLP
7500 Dallas Pkwy, Suite 300
Plano, Texas 75024
(972) 367-2001
(972) 367-2002 Fax
gourley@caglaw.com

*Attorney for Defendants-Appellants*

/s/ Michael A. Parks
Michael A. Parks

*Counsel for Plaintiff-Appellee*
*Canadian Standards Association*

Dated: May 17, 2023

# CERTIFICATE OF COMPLIANCE

With Type-Volume Limitation, Typeface Requirements,
and Type Style Requirements

1.    This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 9,973 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

2.    This brief also complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type requirements of FED. R. APP. P. 32(A)(6) because this brief has been prepared in a proportionally space typeface using Microsoft® Word for Microsoft 365 for Enterprise with a 14-point font named Times New Roman.

*/s/ Michael A. Parks*
Michael A. Parks

*Counsel for Plaintiff-Appellee*
*Canadian Standards Association*

Dated: May 17, 2023