No. 23-50081

# United States Court of Appeals for the Fifth Circuit

Canadian Standards Association,

*Plaintiff-Appellee.*

v.

P.S. Knight Company, Limited; PS Knight Americas, Incorporated; Gordon Knight,

*Defendants-Appellants.*

*On appeal from the U.S. District Court for the Western District of Texas, Austin Division, No. 1:20-CV-1160-DAE, Judge David A. Ezra*

## APPELLANTS' REPLY BRIEF

James R. Gourley
Carstens, Allen & Gourley, LLP
7500 Dallas Pkwy, Suite 300
Plano, Texas 75024
gourley@caglaw.com
*Counsel for Appellants*

June 7, 2023

# Table of Contents

Table of Contents ...................................................................... i

Table of Authorities.................................................................. ii

I.    Introduction..................................................................1

II.   Knight's appeal properly identifies incorrect conclusions of
      the district court and is based on arguments that the district
      court previously determined were "worthy arguments." ...............2

      A.    The district court's granting of summary judgment
            rests on five erroneous legal conclusions and requires
            reversal..............................................................2

      B.    The district court did not wholly reject Knight's
            arguments at every stage of this litigation. ..........................4

III.  CSA fails to justify the district court's impermissible
      departure from *Veeck* or distinguish this case from *Veeck*..............6

      A.    This case involves a model code drafted for the sole
            purpose of being enacted into law, and the code is
            adopted into law by reference—exactly as in *Veeck*..............6

      B.    There is no dispute that CSA's model codes are the law
            of Canada................................................................8

      C.    The issue is whether CSA's copyrights in the model
            codes may be enforced in the United States, not
            whether it owns the copyrights..........................................10

IV.   CSA failed to acknowledge—much less distinguish—the
      similarities between *Am. Soc'y for Testing & Materials* and
      the instant case that favors reversal of the district court............11

V.    Conclusion and Statement of Relief Sought .................................15

Certificate of Service ................................................................17

Certificate of Compliance ........................................................18

# Table of Authorities

## Cases

*Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.*,
892 F.3d 437 (D.C. Cir. 2018) .............................................................12

*Andy Worhol Found. for Visual Arts, Inc. v. Goldsmith*,
143 S. Ct. 1258, 2023 U.S. LEXIS 2061 (2023) ................................12

*Campbell v. Acuff-Rose Music, Inc.*,
510 U.S. 569 (1994) .............................................................................13

*Conboy v. United States Small Bus. Admin.*,
992 F.3d 153 (3rd Cir. 2021) ................................................................3

*London Film Prod. Ltd. v. Intercontinental Comm'ns, Inc.*,
580 F. Supp. 47 (S.D.N.Y. 1984) .......................................................11

*Murray v. British Broad. Corp.*,
906 F. Supp. 858 (S.D.N.Y. 1995) .....................................................10

*Veeck v. S. Bldg. Code Cong. Int'l*,
293 F.3d 791 (5th Cir. 2002) (en banc) .............................................10

*Veeck v. S. Bldg. Code Cong. Int'l, Inc.*, 49 F. Supp. 2d 885
(E.D. Tex. 1999) ....................................................................................7

## Statutes

17 U.S.C. § 102(b)..................................................................................3

17 U.S.C. § 105(a)..................................................................................3

APPELLANTS' REPLY BRIEF

## I.     Introduction

The response brief filed by Canadian Standards Association
("CSA") is littered with so many false allegations that appellants P.S.
Knight Co, Ltd., PS Knight Americas, Inc., and Gordon Knight
(collectively, "Knight") failed to address the district court's opinion that
it would be impossible to address them all.

Relatedly, CSA's brief falsely accuses Knight of merely
regurgitating the exact briefing that was presented to the district court
without explaining why the district court was wrong.  Although
Knight's opening brief did reiterate its position on the state of the law
in the United States with respect to the enforceability of copyrights in
"the law" under *Veeck*, *BOCA*, *UpCodes*, and the Berne Convention,
among other legal authorities, because Knight's legal argument relies
heavily on quotes from and analysis of those decisions, it would not be
possible to present that legal background without borrowing from the
prior briefing.  This is especially true because Knight's main position is
that the district court did not faithfully follow a binding, *en banc*
decision from this Court in *Veeck*.  That decision required careful,
detailed background analysis as a foundation for the errors Knight

identified in the district court's opinion.  Of course, CSA's allegation
entirely ignores the specific section in Knight's brief that counters the
district court's incorrect findings and rulings concerning copyright
enforceability and the sections that specifically counter the district
court's opinion and analysis of the fair use defense.[1]  *See* Appellant's
Br., 28–31, 34–40.

Below, Knight will respond to the few substantive points in CSA's
brief that attempt to address Knight's arguments related to *Veeck*, the
district court's incorrect application of that *en banc* precedent, and
Knight's fair use defense.  *See* Appellee's Br., 22–25.

## II. Knight's appeal properly identifies incorrect conclusions of the district court and is based on arguments that the district court previously determined were "worthy arguments."

### A. The district court's granting of summary judgment rests on five erroneous legal conclusions and requires reversal.

On page 22 of its brief, CSA alleges that Knight "provides no legal
authority to support their contention that the District Court supposedly

---

[1] CSA's brief also contains the borderline ad hominem attack on
appellant's counsel that Knight's brief is "repetitive" and "premised on
rambling arguments."  This is at the very least an unprofessional, non-
substantive attack that has no place in advocacy before this Court.

misinterpreted *Veeck*" and that "failure to address the District Court's analysis and explain how it erred is particularly fatal."  Appellee's Br., 22.  But when CSA discusses Knight's point 1 regarding merger, CSA completely ignored the juxtaposition Knight provided in its opening brief between the district court's citation of § 105(a) of the Copyright Act with Veeck's merger analysis relying on § 102(b) and Supreme Court precedent.  *Compare* Appellee's Br., 23, *with* Appellant's Br., 28. That is but one example of a specific legal error Knight's opening brief identified in the district court's opinion.  Similarly, in Knight's opening brief, each of points 2-5 is supported with a specific factual or a legal argument contradicting the district court's analysis.  Appellant's Br., 28–31.  This is not even remotely similar to the copy-and-paste advocacy decried in *Conboy* or the other cases cited by CSA.  *Conboy v. United States Small Bus. Admin.*, 992 F.3d 153, 157 (3rd Cir. 2021) (awarding Rule 38 damages where counsel "simply took the summary judgment section of his District Court brief and copied and pasted it into his appellate brief, with minor changes.")

CSA made no effort to contradict any of these five points on substantive grounds, instead choosing to accuse Knight of having

already "advanced [them] before the district court." Appellee's Br., 24. Aside from the temporal impossibility of previously advancing arguments against a district court opinion that had not yet been written, if arguments that lost at the district court were not allowed to be raised on appeal, appellate courts would not exist. CSA's only response to these five points is the conclusory allegation that Knight makes these arguments "without providing CSA or this Court with any legal or factual basis for determining that the District Court committed any error." *Id.* Again, Knight dedicated specific sections in its opening brief to identifying specific legal errors in the district court opinion, and they cannot be dismissed by a conclusory allegation regarding supposed lack of factual or legal basis.

## B. The district court did not wholly reject Knight's arguments at every stage of this litigation.

As an initial matter, it is essential to note that Knight prevailed on the merits in the trial court by demonstrating that CSA failed to show (among other things) it had a substantial likelihood of success on the merits and was, therefore, not entitled to obtain a preliminary injunction. *See generally* ROA.2986–92 (Order Denying Application for Preliminary Injunction). Accordingly, CSA's suggestion that the district

court rejected Knight's arguments regarding the enforceability of copyrights in the Codes at every turn is without merit. *See* Appellee's Br., 41–42. In denying CSA's application for a preliminary injunction, the district court explained that Knight's enforceability defense—which is the primary issue on appeal—was a sufficient reason to deny the injunctive relief:

> no matter the level of the Knight Defendants' alleged infringing activity in the United States, the root questions in this action remain unchanged since the original complaint was filed—what the interplay and legal effect is, if any, of Canadian copyright laws and court judgments with United States copyright laws and the Berne Convention. **Both sides present worthy arguments on these issues**.[2]

ROA.2992 (emphasis added). Additionally, contrary to CSA's contentions, the trial court's denial of Knight's motion to dismiss cannot be considered a "victory" over Knight's unenforceability defense since the court subsequently acknowledged the "worthiness" of Knight's

---

[2] Judge Yeakel's observation that both sides present "worthy arguments" on these issues is fatal to CSA's allegations in its response brief that this appeal is frivolous. This case presents a rare, complex, cross-border legal issue that did not obviously favor CSA when it was denied a preliminary injunction.

argument.  It also bears emphasizing that, under Rule 12, the district court was required to accept CSA's allegations as true and drew all inferences in a light most favorable to CSA—including the enforceability of its Canadian copyright.  *See* ROA.2950 (accepting CSA's allegations that it owned an enforceable copyright in the U.S.); *see also* ROA.2959–60 (accepting the magistrate judge's report and recommendation).  Thus, CSA conveniently omits that it has lost on the merits—specifically, on unenforceability in the context of its application for preliminary injunction—at the trial court.

## III.  CSA fails to justify the district court's impermissible departure from *Veeck* or distinguish this case from *Veeck*.

### A.  This case involves a model code drafted for the sole purpose of being enacted into law, and the code is adopted into law by reference—exactly as in *Veeck*.

CSA argued in its response brief that *Veeck* involved model codes that "served no other purpose than to become law" and that was "unlike here."  Appellee's Br., 28.  CSA also argued that this case does not "involve a 'model code' which was created for the 'sole motive and purpose' of being enacted into law."  Appellee's Br., 28–29.  However, as shown in Knight's opening brief, the Federal Court of Appeal in Canada

stated that the "introduction to the 2015 version of the CSA Electrical Code states that it is a 'voluntary code for adoption and enforcement by regulatory authorities,'" ROA.203 (¶ 9); Appellant's Br., 4–5.  CSA did not acknowledge or address this undisputed fact in its response brief.

In other words, it is undisputed that CSA itself describes its own code as intended for "adoption and enforcement by regulatory authorities" and has cited no other motivation for drafting its codes. And, of course, as demonstrated in Knight's opening brief, CSA's model codes are in fact adopted and enforced by regulatory authorities, exactly as CSA intends and exactly like the model code at issue in *Veeck*. Appellant's Br., 4–8.

Another identical parallel between this case and *Veeck* is the fact that the codes of Anna and Savoy, Texas were adopted by reference, not reproduced wholesale within the city's ordinance.  As the district court in that case found, "Anna and Savoy, Texas, under expressed agreement with SBCCI, have enacted ordinances adopting SBCCI's model codes by reference." *Veeck v. S. Bldg. Code Cong. Int'l, Inc.*, 49 F. Supp. 2d 885, 887 (E.D. Tex. 1999), *aff'd* 241 F.3d 398 (5th Cir. 2001), *rev'd en banc*, 293 F.3d 791 (5th Cir. 2002).  This is identical to how the CSA model

codes are adopted by reference in jurisdictions throughout Canada. *See* Appellant's Br., 4–8.

### B. There is no dispute that CSA's model codes are the law of Canada.

Whether CSA's works have been "adopted as law" or "incorporated by reference" into law is a distinction without a difference as both have the same legal result. CSA's only response to Knight's allegations that "no changes are made to the Codes when they are adopted as law" and that "it is impossible to make copies of Canadian law without also making copies of the Codes" was to accuse Knight of failing to support these allegations with citations to authority or the record. Appellee's Br., 29–30. In doing so, CSA completely ignores the following text that it had also quoted: "the citations and quotations to Canadian law discussed previously show that…." Appellee's Br., 29. This text obviously refers to the earlier sections that discussed in detail how the model codes are adopted as law in Canada. *See* Appellant's Br., 4–8, 10–11. Indeed, it took Knight seven pages to explain why the Codes have been adopted wholesale, without changes, as law in Canada, all using references to the record and citations to legal authority. It would indeed have been repetitive to copy that entire section into a later

argument.  Apparently, according to CSA, it is improper for Knight to assume the Court has read and understood previous sections of its brief.

In the unlikely event that Knight's opening brief was unclear, Knight's position is that when, for example, the Electrical Code Regulations in the Province of Nova Scotia states that for purposes of those regulations, "'Code' means the latest issue of the Canadian Electrical Code, Part I, published by the Canadian Standards Association, the current issue of which is CSA Standard C22.1 - 2002 and as supplemented, amended or added to from time to time by the Canadian Standards Association," it means that Nova Scotia has adopted the entire Canadian Electrical Code wholesale, as published by the Canadian Standards Association, because that is the exact language used in the regulation.  Appellant's Br., 7; Electrical Code Regulations, N.S. Reg.  95/99, s.  2(c); *see also* ROA.3248.  It logically follows from this fact that a person requires a copy of the Canadian Electrical Code as published by CSA in order to understand their duties under Nova Scotia law.  The same is true of the other laws cited in Knight's opening brief.  *See* Appellant's Br., 4–8, 10–11.  Again, this should have been clear from any fair reading of the opening brief.

APPELLANTS' REPLY BRIEF

**C.    The issue is whether CSA's copyrights in the model codes may be enforced in the United States, not whether it owns the copyrights.**

As detailed in Knight's opening brief, the model-code-adopted-as-law copyright cases all acknowledge that the model building code drafter owns the copyrights in the model codes.  *See* Appellant's Br., 21–24.  This was ignored by the district court.  CSA's repeated reference to the Canadian court system's holdings that it owns valid copyrights in the Canadian Electrical Code is therefore unremarkable.  As stated by this Court in Veeck, "when Veeck copied only 'the law' of Anna and Savoy, Texas, which he obtained from SBCCI's publication, and when he reprinted only 'the law' of those municipalities, **he did not infringe SBCCI's copyrights in its model building codes**." *Veeck v. S. Bldg. Code Cong. Int'l*, 293 F.3d 791, 800 (5th Cir. 2002) (en banc) (emphasis added).  In other words, the question answered by *Veeck* is whether copyrights in model codes can be infringed, not whether copyrights in model codes can subsist or who owns them.  And under the Berne Convention, the question of infringement is determined under U.S. law, not under Canadian law.  *See* Appellant's Br., 25–27; *see also Murray v. British Broad.  Corp.*, 906 F. Supp. 858, 862 (S.D.N.Y. 1995) (citing

*London Film Prod. Ltd. v. Intercontinental Comm'ns, Inc.*, 580 F. Supp. 47, 50 n.6 (S.D.N.Y. 1984) ("National treatment ensures that the substantive law of the country in which infringement is alleged will govern a claim, even if the law of that country differs from the law of the country in which the work was created."). Thus, this Court can defer to the Canadian courts on the question of who owns the copyrights in the model codes, but still find no infringement because there can be no infringement under U.S. law, especially under *Veeck*.

## IV. CSA failed to acknowledge—much less distinguish— the similarities between *Am. Soc'y for Testing & Materials* and the instant case that favors reversal of the district court.

As an initial matter, there are genuine issues of material fact and application of the law concerning the district court's assessment of the fair use factors that require reversing the district court's grant of summary judgment. Further, correctly applying the law under *de novo* review, at least three of the four fair use factors favor Knight, requiring reversal of the district court's judgment.

Like the district court, CSA would have this Court improperly disregard the District of Columbia Circuit Court of Appeals decision in *Am. Soc'y for Testing & Materials* based on the sole fact that Knight

— 11 —

was selling books for profit, while the defendant in that case was a nonprofit.  *See* Appellee's Br., 34 (citing *Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.*, 896 F.3d 437 (D.C. Cir. 2018)); *see also* ROA.5594 ("Defendants could not be clearer about their intent to profit from the sale of the CSA's Copyrighted Work at a lower price than CSA…. The first factor clearly weighs in favor of CSA.").  Indeed, the district court found that *Am.  Soc'y for Testing & Materials* was "entirely inapposite" based on that single distinguishing factor. ROA.5593.

However, the commercial nature of the use is only relevant to factor 1, and if that sole factor was allowed to infect the entire fair use analysis, it would eviscerate well-settled fair use law.  As the Supreme Court recently reiterated, the "commercial nature of the use is not dispositive" as to the first factor, let alone the entire fair use analysis. *Andy Worhol Found. for Visual Arts, Inc. v. Goldsmith*, 143 S. Ct. 1258, 2023 U.S. LEXIS 2061 at *31 (2023).  Accordingly, the district court's decision relied on an erroneous legal principle that requires reversal under a de novo review.  Notwithstanding the district court's abuse of discretion, even if the first factor weighs against Knight, under the

framework and analysis provided in *Am. Soc'y for Testing & Materials*, the remaining factors should weigh decisively in favor of Knight because they are almost identical to those in *Am. Soc'y for Testing & Materials*.  *See, e.g.*, Appellant's Br., 34–41.

With respect to the second fair use factor, CSA repeated the district court's incorrect discussion of whether Knight's reproduction was "transformative."  Appellee's Br., 37.  But whether an allegedly infringing work is transformative is a question under factor 1, not factor 2.  *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578–79 (1994).  By contrast, the analysis in *Am.  Soc'y for Testing & Materials* properly considered the nature of the **copyrighted work**, not the nature of the allegedly infringing work.  That is a significant reason why Knight is pointing this Court to *Am.  Soc'y for Testing & Materials* as a proper framework for analyzing fair use for alleged infringements of model code adopted as law.  Under that framework, factor 2 favors Knight.  *See* Appellant's Br., 35–36, 39.

On the third factor, CSA again references "transformative purpose of exact copying," even though, again, transformative purpose is a question under factor 1.  Appellee's Br., 38.  CSA also argued that

Knight's works were a "market substitute" for CSA's works, which is relevant only to factor 1, not factor 3. Appellee's Br., 39. The analysis concerning factor 3 in *Am. Soc'y for Testing & Materials* remains the most relevant and applicable to the facts of this case, and it shows that factor 3 weights "strongly in favor" of fair use. *See Am. Soc'y for Testing & Materials*, 896 F.3d at 452.

As to the fourth factor, CSA misconstrues Knight's argument as only alleging that CSA "did not produce accounting-based evidence of market harm." Appellee's Br., 39. To the contrary, Knight argued that "CSA has presented almost no evidence," including no accounting-based evidence, of market harm. Appellant's Br., 37–38. In fact, in its opening brief, Knight identified four pieces of evidence provided by CSA that showed affirmatively that there was no market harm in this case. This evidence included CSA's corporate representative testifying that (1) the price of a paper copy of the Canadian Electrical code has remained relatively stable over the last ten years, (2) CSA has been able to update the codes "the way we typically have," (3) CSA has no evidence of lost sales (i.e. "I'd have to look into that"), and (4) that the Canadian Electrical Code remained one of CSA's best-selling works

throughout the time of this alleged infringement.  *Id*.  CSA did not

dispute or even address any of this evidence in its response brief,

instead choosing to argue that the burden had not shifted to CSA on

factor 4.  Appellee's Br., 39–40.  Because CSA failed to address any of

these four pieces of evidence, this Court can, under *de novo* review,

assume that there has been no market harm and that factor 4 favors

Knight.

In sum, even the analysis most generous to CSA under *Am.  Soc'y

for Testing & Materials* would find that only factor 1 favors CSA, while

factors 2–4 favor Knight.  Accordingly, the district court's decision—and

CSA's arguments—that the fair use defense does not apply are based on

erroneous legal principles.

## V.     Conclusion and Statement of Relief Sought

The district court's grant of CSA's summary judgment is based on

incorrect application of the law to largely undisputed facts.  Specifically,

the district court failed to follow this Court's decision in *Veeck* that

copyrights in model codes that are adopted as law are unenforceable to

the extent the accused infringer has copied that law. Further, the

district court misapplied the law to each of the fair use factors, and the

Supreme Court recently reiterated that the district court's primary rationale for not finding fair use—i.e., Knight's commercial nature—is not dispositive as to the first fair use factor, let alone the entire analysis. Applying the cited precedent to each of these issues requires a *de novo* review and reversal of the district court's decision.

Dated: June 7, 2023                    Respectfully submitted,

*/s/ James R. Gourley*
James R. Gourley
Texas State Bar No. 24050679
Carstens, Allen & Gourley, LLP
7500 Dallas Pkwy, Suite 300
Plano, Texas 75024
(972) 367-2001
(972) 367-2002 Fax
gourley@caglaw.com

*Counsel for Appellants*

## Certificate of Service

This is to certify that the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on June 7, 2023, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

*/s/James R. Gourley*
James R. Gourley

# Certificate of Compliance

1.  This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.1:

▪  this document contains 3,166 words, excluding the parts exempted by Fed. R. App. P. 32(f).

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and 5th Cir. R. 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

▪  this document has been prepared in a proportionally spaced typeface using Microsoft® Word for Microsoft 365 with a 14-point Century Schoolbook font.

*/s/ James R. Gourley*
James R. Gourley